IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No.: 4:10-cv-01151-TLW-SVH ) |
| $31,400 in United States Currency, | ) ) |
| Defendant. | ) ) ) |

## ORDER

On May 6, 2010, the plaintiff, United States of America ("Plaintiff"), brought this civil action in rem to condemn for the use and benefit of the United States $31,400 in United States currency. (Doc. # 1). Michael Lee Joyner ("Joyner" or "Claimant") filed an answer claiming ownership of the currency. (Doc. # 5). On July 13, 2010, Plaintiff filed a motion for summary judgment. (Doc. # 12). Joyner has not filed a response to this summary judgment motion.

### FACTS

This in rem action seeks forfeiture of $31,400 in United States currency ("Defendant Currency") to Plaintiff based upon evidence that such currency was associated with drug trafficking. Plaintiff alleges that on December 9, 2009, law enforcement authorities responded to a call advising them that Michael Joyner was operating a vehicle while in possession of a large quantity of illegal drugs and currency. Officers stopped Joyner's vehicle after an observed traffic violation. A search of the vehicle ensued during which law enforcement personnel located approximately 49 grams of marijuana, some scales, and the Defendant Currency. Joyner told police that the Defendant Currency

1

was from an insurance settlement. He was charged at the scene with Possession of Marijuana With Intent to Distribute.

Subsequently, Plaintiff filed this action seeking forfeiture of the Defendant Currency. (Doc. # 1). Finding that Plaintiff made a prima facie showing that it was entitled to the relief requested, this Court ordered that a Warrant for the Arrest of Defendant Currency be issued and that notice of the arrest be issued. (Doc. # 8). Joyner filed an answer to Plaintiff's complaint, claiming that he owned the Defendant Currency, denying that he was selling or distributing marijuana, and asserting that the currency was from an insurance settlement. (Doc. # 5). On July 13, 2010, Plaintiff filed a motion for summary judgment. (Doc. # 12). Plaintiff bases the motion on Joyner's failure to respond to certain requests for admission. As set forth in the motion, Plaintiff served Joyner with requests for admission on May 28, 2010, to which responses were due on June 30, 2010. Because Joyner did not respond, Plaintiff argues that pursuant to Federal Rule of Civil Procedure 36(a)(3), the matters contained in the requests for admission are now deemed admitted. One of the requests provided that "the $31,400 in United States currency constitutes, or is traceable to, proceeds furnished or intended to be furnished in exchange for controlled substances, or was used or intended to be used to facilitate such offenses." (Doc. # 12, Attach. 1, Req. For Admis. # 11).

## SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), the moving party is entitled to summary judgment if the pleadings, responses to discovery, and the record reveal that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). As the party

seeking summary judgment, Plaintiff bears the initial responsibility of informing this Court of the basis for its motion. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This requires that Plaintiff identify those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine dispute of material fact. Celotex, 477 U.S. at 323; see also Anderson, 477 U.S. at 249.

In considering Plaintiff's motion for summary judgment, this Court construes all facts and reasonable inferences in the light most favorable to the Claimant as the nonmoving party. See Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir. 1990). Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." Matsushita, 475 U.S. at 587 (1986) (internal quotations omitted).

Claimant has not responded or produced any evidence in opposition to Plaintiff's motion for summary judgment.[1] The fact, however, "that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996). No response is required because the moving party has the burden of establishing that no genuine dispute of material fact exists. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 159-61 (1970); Thornton v. Evans, 692 F.2d 1064, 1075 (7th Cir. 1982); Smith v. Hudson, 600 F.2d 60, 64 (6th Cir. 1979). Furthermore, the language in Rule 56 indicates that no response is required since the rule provides that summary judgment may be entered when a party fails to address an opposing party's assertion of fact "if the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e). However, once the moving party meets its burden, the opposing party may not simply rely on its pleading to defeat a motion for summary

---

[1] The deadline for Claimant to file a response to Plaintiff's motion was July 30, 2010.

3

judgment but must respond in a manner showing there is a genuine dispute of material fact. Fed R. Civ. P. 56(c); see Addickes, 398 U.S. at 159-60; Champion, 76 F.3d at 485; Smith, 600 F.2d at 64-65; 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2739 (3d ed.). The United States has met its burden as the moving party in this case. Therefore, summary judgment is appropriate.

## DISCUSSION

This in rem action seeks forfeiture of the Defendant Currency to the government pursuant to 21 U.S.C. § 881(a)(6), which states:

> (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> \* \* \*
>
> (6) All moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

Joyner's failure to respond to the government's requests for admission means the matters contained therein are deemed admitted. Fed. R. Civ. P. 36(a)(3). Consequently, Joyner admits that the Defendant Currency "constitutes, or is traceable to, proceeds furnished or intended to be furnished in exchange for controlled substances, or was used or intended to be used to facilitate such offenses." (Doc. # 12, Attach. 1, Req. For Admis. # 11). Therefore, under 21 U.S.C. § 881(a)(6), the Defendant Currency is deemed forfeitable, and summary judgment is **GRANTED** in Plaintiff's favor.[2]

---

[2] Plaintiff also filed a motion to strike Joyner's answer to its complaint, claiming Joyner failed to comply with an order compelling discovery responses. (Doc. # 19). Under Federal Rule of Civil Procedure 37(b)(2)(A), this Court may strike a party's pleading if that party fails to comply with a discovery order. However, because this Court is granting Plaintiff's motion for summary judgment, the motion to strike is moot.

4

## CONCLUSION

For the reasons set forth herein, it is **ORDERED** that Plaintiff's motion for summary judgment is **GRANTED**, (Doc. # 12), and that pursuant to 21 U.S.C. § 881(a)(6), the Defendant Currency is subject to forfeiture, title having vested in the United States by operation of law. Furthermore, because all statutory requirements have been met, including the notice requirements of Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and because no other claimants to the Defendant Currency have appeared, it is **ORDERED** that the $31,400 in United States currency is forfeited to the United States. The disposition of the Defendant Currency shall be conducted by the United States in accordance with law.

**IT IS SO ORDERED.**

                                                s/Terry L. Wooten
                                                TERRY L. WOOTEN
                                                United States District Judge

December 7, 2010

Florence, South Carolina